## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JEFFREY SEMLER,                              )
                                             )
      Plaintiff,                        )
                                             )
v.                                           )     Case No. **CIV-11-1354-D**
                                             )
GEICO GENERAL INSURANCE                      )
COMPANY,                                     )
                                             )
      Defendant.                        )

## **PLAINTIFF'S REQUESTED JURY INSTRUCTIONS**

COMES NOW the Plaintiff, Jeffrey Semler, and submits the following Jury

Instructions for use at the trial in this case.

Dated this **13th** day of **December, 2013**.


/s/ Tye H. Smith
_____
Tye H. Smith, OBA #14595
CARR & CARR
1350 S.W. 89th Street
Oklahoma City, OK  73159
405/234-2110
405/234-2128 (Fax)
tyesmith@carrcarrokc.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this **13th** day of **December, 2013**, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mr. Gerald F. Pignato, Esq.
Mr. Paul M. Kolker, Esq.
PIGNATO COOPER KOLKER & ROBERSON
119 N. Robinson Avenue, 11th Floor
Oklahoma City, OK  73102
jerry@pclaw.org
paul@pclaw.org


*/s/  Tye H. Smith*
Tye H. Smith

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 1**

**THE ISSUES IN THE CASE - UNINSURED MOTORISTS COVERAGE**

The parties in this case are the plaintiff, Jeffrey Semler, and the defendant, GEICO General Insurance Company (hereinafter referred to as GEICO). The parties agree that GEICO was Jeffrey Semler's automobile insurer on August 25, 2010. The parties also agree that Jeffrey Semler's automobile insurance policy with GEICO included uninsured motorist coverage. The parties also agree that the uninsured motorist coverage with GEICO provided coverage for any damages suffered by Jeffrey Semler as a result of any personal injuries Jeffrey Semler may suffer as a result of the negligent ownership, maintenance or use of a motor vehicle, if the owner or operator of the motor vehicle could not be identified. The parties also agree that Jeffrey Semler was involved in a motor vehicle accident on the night of August 25, 2010. The parties agree that the accident took place after dark while Jeffrey Semler was driving his 2005 Ford Expedition east on Highway 3 in Canadian County, Oklahoma as he approached a bridge. The parties agree that a tire tread was found in Jeffrey Semler's lane of travel immediately after the collision occurred. The parties further agree that Jeffrey Semler suffered injury as a result of the collision.

Plaintiff, Jeffrey Semler, claims that the collision occurred due to the negligence of an unidentified large commercial truck or semi-tractor/trailer. Jeffrey Semler claims that the unknown commercial truck or semi-tractor/trailer was at fault because:

1.     The unknown vehicle's owner and/or operator violated safety rules by not performing proper maintenance on its tires, thereby causing one if its tires to lose its tread; and/or

2.     The unknown vehicle's driver violated safety rules when they left the tire tread in the roadway since it posed a hazard to Jeffrey Semler and others on the roadway.

Jeffrey Semler claims that he did not expect to encounter the tire tread laying in his lane of travel and that as soon as he realized something was in his lane of travel, he attempted to avoid it.  Jeffrey Semler claims that despite his best efforts to avoid the tire tread, he did not have enough time to do so.  As a result, Jeffrey Semler claims his vehicle impacted the tire tread and was thrown into a guardrail and caused him to spin off the roadway and suffer a broken finger, a lacerated hand and injuries to his back and neck.  Jeffrey Semler claims that as a result of the negligence of the unknown vehicle's owner or operator, he suffered personal injuries for which his insurance company, GEICO, is obligated to pay him under the terms of his policy with GEICO.

GEICO denies these allegations and claims that Jeffrey Semler cannot prove that the unidentified truck was a hit and run motor vehicle, or that he was injured due to the negligence of an unidentified owner or operator of a motor vehicle.  GEICO claims that Jeffrey Semler's own negligence was the sole cause of the accident and that his back injuries were not caused by the accident of August 25, 2010.  Specifically, GEICO contends that, at best, Plaintiff's lumbar injury constitutes an aggravation of a preexisting condition.

The issues in this case for you to determine are:

1.    Whether Jeffrey Semler suffered damages as a result of the negligent ownership, maintenance or use of an unidentified owner or operator of a motor vehicle;

2.    Whether Jeffrey Semler's own negligence contributed to the collision and if so, to what degree; and

3.    What injuries Jeffrey Semler sustained as a direct result of the accident and what damages Jeffrey Semler should recover as compensation for the injury.

OUJI 2.4 Modified

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 2**

**BURDEN OF PROOF - GREATER WEIGHT OF THE EVIDENCE**

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you.  This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim [or counterclaim], or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense. In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

OUJI  3.1

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 3**

**NO SPECULATION**

Your decision must be based upon probabilities, not possibilities.  It may not be based upon speculation or guesswork.

OUJI 3.3

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 4**

**DETERMINING CREDIBILITY, BELIEVABILITY, OF WITNESS**

You are the sole judges of the believability of each witness and the value to be given the testimony of each.  You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation.  Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any; the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

OUJI 3.13

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 5**

**EXPERT WITNESS**

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas.  Such witnesses are known in law as expert witnesses.  You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine.  You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

OUJI 3.21

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 6**

**PERSONAL INJURIES - ADULTS**

If you decide for Plaintiff, Jeffrey Semler, you must then fix the amount of his damages. This is the amount of money that will reasonably and fairly compensate him for the injury sustained as a result of the negligence of the unidentified owner or operator.

In fixing the amount you will award him you may consider the following elements:

A.   His physical pain and suffering, past and future;

B.   His mental pain and suffering, past and future;

C.   His age;

D.   His physical condition immediately before and after the accident;

E.   The nature and extent of his injuries;

F.   Whether the injuries are permanent;

G.   The physical impairment;

H.   Loss of enjoyment of life;

I.   The reasonable expenses of the necessary medical care, treatment, and services, both past and future.

OUJI 4.1 Modified

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 7**

**MEASURE OF DAMAGES -
AGGRAVATIONS OF PRE-EXISTING CONDITIONS**

A person who has a condition or disability at the time of an injury is entitled to recover damages for any aggravation of such pre-existing condition or disability directly caused by the injury.  This is true even if the person's condition or disability made him more susceptible to the possibility of injury than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury.

When a pre-existing condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional injury caused by the aggravation.

OUJI  4.10

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 8**

**MORTALITY TABLES - EXPLANATION**

According to life expectancy tables it is agreed that the life expectancy of a male person of the age of 49 years is an additional 32.5 years.  This figure is not conclusive. It is the average life expectancy of persons who have reached that age.  This figure may be considered by you in connection with other evidence relating to the probable life expectancy of Plaintiff, including evidence of her occupation, health, habits and other activities.

OUJI 5.12

National Vital Statistic Report; United States Life Tables 2006; Volume 58 No. 21; published June 28, 2010; Table 2; Life Table for Males: United States, 2006

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 9

## NEGLIGENCE - ELEMENTS OF LIABILITY

A party claiming damages in a case such as this has the burden of proving each of the following propositions:

First, that he has sustained injury;

Second, that an unidentified owner or operator of a motor vehicle's negligence was a direct cause of the injury sustained by him.

And, third, that such negligence was a direct cause of the injury sustained by the claiming party.

OUJI  9.1 Modified

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 10

## NEGLIGENCE DEFINED

Since this lawsuit is based on the theory of negligence, you must understand what the terms "negligence" and "ordinary care" mean in the law with reference to this case.

"Negligence" is the failure to exercise ordinary care to avoid injury to another's person or property.   "Ordinary care" is the care, which a reasonably careful person would use under the same or similar circumstances.

The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide. Thus, under the facts in evidence in this case, if a party failed to do something which a reasonably careful person would do, or did something which a reasonably careful person would not do, such party would be negligent.

OUJI  9.2

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 11**

**DIRECT CAUSE - DEFINITION**

Direct cause means a cause which, in a natural and continuous sequence, produces injury and without which the injury would not have happened.  For negligence to be a direct cause it is necessary that some injury to a person in Plaintiff's situation must have been a reasonably foreseeable result of negligence.

OUJI 9.6

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 12

## NEGLIGENCE PER SE- VIOLATION OF STATUTE

In addition to the duty to exercise ordinary care there are also duties imposed by statutes. If you find that a person violated the following statute and the violation was the direct cause of the injury, then such violation in and of itself would make such person negligent. There was in force and effect in Oklahoma at the time of the occurrence the following statute:

**47 O.S. Section 11-1110 - Putting Glass, etc., on Highway Prohibited**

---

    A.    No person shall throw or deposit upon any highway any glass bottle, glass, nails, tacks, wire, cans or any other substances likely to injure any person, animal or vehicle upon such highway.

    B.    Any person who drops, or permits to be dropped or thrown, upon any highway any destructive or injurious material shall immediately remove the same or cause it to be removed.

OUJI 9.10 Modified

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 13

## UNINSURED MOTORIST COVERAGE

The purpose of uninsured motorist coverage is to afford the same protection to a person injured by an uninsured motorist as he would have had if the negligent motorist had carried liability insurance.

Not in OUJI
36 O.S. § 3636
*Biggs v State Farm* 1977 OK 135

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 14

## MEANING OF "HIT AND RUN"

You are instructed that as used in GEICO's insurance policy, "hit and run" does not require an actual impact between an unidentified vehicle and the vehicle driven by the Plaintiff, Jeffrey Semler. If you believe an unidentified owner or operator of vehicle was responsible for the collision, the fact that no physical contact occurred is not to be considered by you when you are determining whether this collision occurred as a result of a "hit and run motor vehicle."

Not in OUJI
36 OS 3636
*Biggs v State Farm* 1977 OK 135

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 15**

**COMPARATIVE NEGLIGENCE: ONE DEFENDANT - DEFINITION**

As a part of its defense, GEICO first denies that any negligence on the part of an unidentified owner and/or driver of a vehicle was the direct cause of the occurrence involved in this lawsuit and any resulting injuries to Jeffrey Semler. GEICO further contends that if, however, the jury should find that an unidentified owner and/or driver of a vehicle was negligent to some degree, then it is GEICO's contention that Jeffrey Semler's own negligence exceeded the negligence of an unidentified owner and/or driver of a vehicle, so as to prevent any recovery by Jeffrey Semler in this lawsuit.  To establish this defense, GEICO must show by the greater weight of the evidence that Jeffrey Semler was negligent and his negligence was a direct cause of his injury.

Under the law you are to compare the percentage (0%-100%) of negligence of Jeffrey Semler, if any, with the percentage (0%-100%) of negligence of an unidentified owner and/or driver of a vehicle, if any.

The law provides that contributory negligence, which means the negligence of Jeffrey Semler, shall not bar recovery of damages unless such negligence of Jeffrey Semler is of a greater degree, established by percentage, than the negligence of an unidentified owner and/or driver of a vehicle.

The percentage (0%-100%) of negligence you find for each party should be stated in the appropriate verdict form, unless you find that Jeffrey Semler or an

unidentified owner and/or driver of a vehicle was free from negligence. The verdict forms have been color-coded to assist you.

OUJI 9.18 Modified

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 16

## ADVICE CONCERNING COLOR-CODED VERDICT FORMS

Only one of several possible verdicts may be the ultimate conclusion reached by this jury. In order to facilitate your deliberations, the options available to you under the facts of this case are set out on color-coded verdict forms.

The next succeeding instructions will explain the various verdict forms and instruct you under what circumstances each form is applicable.

OUJI 9.22

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 17**

**BLUE VERDICT FORM, FOR PLAINTIFFS - DIRECTIONS**

If you find that the occurrence with which this lawsuit is concerned was directly caused by the negligence of the owner and/or operator of an unidentified motor vehicle and not by any contributory negligence on the part of Plaintiff Jeffrey Semler, then you shall use the Blue Verdict Form and find in favor of Plaintiff Jeffrey Semler.  If you so find, Plaintiff is entitled to recover the full amount of any damages which you may find Plaintiff Jeffrey Semler has sustained as a result of the occurrence.

OUJI  9.23 Modified

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 18**

**PINK VERDICT FORM, FOR ONE DEFENDANT- DIRECTIONS**

If you find the occurrence with which this lawsuit is concerned was directly caused by the contributory negligence of Jeffrey Semler, and not by the negligence on the part of an unidentified owner and/or operator of a motor vehicle, or, if you find that Jeffrey Semler has failed to prove an unidentified owner and/or operator of a motor vehicle was negligent, then you shall use the Pink Verdict Form and find in favor of GEICO.

OUJI 9.27

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 19**

**WHITE VERDICT FORM, COMPARATIVE,
ONE DEFENDANT- DIRECTIONS**

If you find that the occurrence was directly caused by the negligence of an unidentified owner and/or operator of a motor vehicle and the contributory negligence of Jeffrey Semler, then you shall use the White Verdict Form, and you must determine the percentages of their negligence.

You will note that the White Verdict Form first requires that you fill in some percentage of negligence for both the Plaintiff and the unidentified owner and/or operator of a motor vehicle. These percentages must total one hundred percent (100%). If the figure you fill in as the percentage of negligence of Jeffrey Semler is greater than the figure that you insert as the percentage of negligence of an unidentified owner and/or operator of a motor vehicle, then Jeffrey Semler is not entitled to recover any damages. In this event, you need not fill in the space provided for the amount of Plaintiff's damages, and you should sign and return the verdict as explained later in these instructions.

If, on the other hand, the figure you fill in as the percentage of negligence of Jeffrey Semler is equal to or smaller than the one you insert as the percentage of negligence of an unidentified owner and/or operator of a motor vehicle, then you shall proceed, as the verdict form directs, to fill in the total amount of damages which you find were sustained by Jeffrey Semler. As the verdict form advises, in determining this damages figure, you should completely disregard the respective percentages of

negligence which you have fixed for Jeffrey Semler and the unidentified owner and/or operator of a motor vehicle.  When you have filled in this damages figure, you should then properly sign and return the verdict.

You are instructed, in this latter event, that whatever dollar amount you insert as the damages sustained by Jeffrey Semler will be reduced by the Court by that percentage of negligence which you have attributed to Jeffrey Semler.

OUJI 9.32

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 20

### BLUE VERDICT

---

### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

JEFFREY SEMLER,                          )
                                  )
       Plaintiff,                        )
                                   )
v.                                       )     Case No. **CIV-11-1354-D**
                                   )
GEICO GENERAL INSURANCE                  )
COMPANY,                                 )
                                   )
       Defendant.                        )

### <u>BLUE VERDICT FORM</u>

      We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find the issues in favor of the Plaintiff, Jeffrey Semler, and fix the dollar amount of his damages in the sum of $ _____.


_____
Foreperson

OUJI 9.37

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 21

## PINK VERDICT FORM, FOR ONE DEFENDANT

### IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY SEMLER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. **CIV-11-1354-D** |
| | ) | |
| GEICO GENERAL INSURANCE COMPANY, | ) | |
| | ) | |
|     Defendant. | ) | |

## PINK VERDICT FORM

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find the issues in favor of the Defendant, GEICO.

_____
Foreperson

OUJI 9.40

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 22

**WHITE VERDICT FORM, COMPARATIVE, ONE DEFENDANT**

---

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JEFFREY SEMLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. **CIV-11-1354-D** |
| | ) | |
| GEICO GENERAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>WHITE VERDICT FORM</u>**

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find as follows:

1. Plaintiff's, Jeffrey Semler's, contributory negligence ___%

2. Negligence of an unidentified owner and/or operator of a motor vehicle ___%

   (1 and 2 must total 100%) ___%

   TOTAL 100%

The following shall be answered only if the percentage of Plaintiff, Jeffrey Semler's, contributory negligence is equal to or of lesser percentage than the negligence of the unidentified owner and/or operator of a motor vehicle.

3.      We find the dollar amount of damages sustained by the Plaintiff, Jeffrey Semler, without regard to the percentages of contributory negligence of the Plaintiff, Jeffrey Semler, and negligence of the unidentified owner and/or operator of a motor vehicle, is the sum of $ _____.   This dollar amount will be reduced by the judge by the percentage established in Item 1 above.

_____
Foreperson

OUJI 9.44 Modified