IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY SEMLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. **CIV-11-1354-D** |
| | ) |
| GEICO GENERAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S TRIAL BRIEF

Most of the issues in this case that remain for the jury to try are fairly routine and simple. However, there is one legal issue that Plaintiff would like to brief the Court on before the start of trial.

#### HOW THE COURT SHOULD HANDLE THE
#### "HIT-AND-RUN MOTOR VEHICLE" ISSUE IN THIS CASE

Under 36 O.S. § 3636(B), automobile insurers are required to offer insureds protection for personal injuries caused by an uninsured motorist or a hit and run motorist. Consistent with this provision in the law, GEICO's policy states that its policy provides protection for insureds injured due to uninsured motorists and hit-and-run motor vehicles. The policy then defines "hit-and-run motor vehicles," in relevant part, as follows:

> A motor vehicle causing bodily injury to an insured, and whose owner or operator cannot be identified…

In *Biggs v State Farm*, 1977 OK 135, an insurer argued that a provision within its policy that required actual physical contact with the hit and run vehicle precluded coverage since the unidentified tortfeasor in that case did not make contact with the plaintiff. The Oklahoma Supreme Court ruled the provision in the insurer's policy that required actual contact was void because no such requirement was found in 36 O.S. § 3636.

If taken literally, "hit and run" requires an actual impact with another vehicle. It is easy to see how a jury could be confused by this concept. However, that is not what was intended by the Legislature. The Court in *Biggs* stated:

> ¶16   Since the purpose of our uninsured motorist statute is to afford the same protection to a person injured by an uninsured motorist as he would have had if the negligent motorist had carried liability insurance, it would defeat the purpose of the statute to allow insurance contracts to require impact before coverage would be extended to their insured. Admittedly, the burden of proof will be upon the insured to show that the accident was in fact caused by an unidentified driver, but this opportunity cannot be denied just because there was no "impact" with the offending car.

Plaintiff's concern in this case is that unless the jury is advised by this Court that "hit and run" does not mean that an actual impact must occur between the Plaintiff's vehicle and the unidentified vehicle, even if a jury believed the wreck was due to the negligence of an unidentified vehicle, they may still rule against the Plaintiff because the policy uses the word "hit" in the "hit-and-run motor vehicle" coverage.

Even though jurors are supposed to keep an open mind throughout the trial, that does not always happen. It would be very easy, and foreseeable, that a juror

could quickly dismiss Plaintiff's theory in this case once the juror heard that coverage is only extended for "hit and run motor vehicle" since it is undisputed that no "hit" took place with the other vehicle. Plaintiff submits that an easy cure exists that would eliminate the confusion that is otherwise likely to occur by the jury in this case.

The cure would be for the Court, pursuant to Federal Rule of Evidence 201, to take judicial notice of the fact that in Oklahoma, "hit-and-run" does not mean that physical contact must occur between the unidentified vehicle and the plaintiff's vehicle. Rule 201 states:

After taking judicial notice of this fact and consistent with, the Plaintiff would ask the Court to make the following pronouncement to the jury at the outset of the case:

> Ladies and gentleman of the jury, during the course of this trial, you will hear references to a "hit and run motor vehicle." In this regard, "hit-and-run" does not mean that physical contact actually occurred between two vehicles. If you believe an unidentified owner or operator of a vehicle was responsible for the collision, the fact that no physical contact occurred is not to be considered by you when you are determining whether this collision occurred as a result of a "hit and run motor vehicle."

Plaintiff believes this pronouncement should be made before the jury hears any evidence in the case to avoid the likelihood that anyone on the jury will draw an improper conclusion about the fact that no contact occurred with another vehicle before knowing that contact is not required in order for the unidentified driver to qualify as a hit and run motor vehicle.

3

Defendant cannot dispute that Plaintiff's proposal contains an accurate statement. As such, there is no valid reason for Defendant to object to Plaintiff's proposal if Defendant wants the jury to reach a proper result in this case that is not vulnerable on appeal due to confusion by the jury on this issue.

After the evidence is presented, the Court should then give the jury an instruction that is consistent with the Court's pronouncement. The Court should also instruct the jury as to the intended purpose of uninsured motorist coverage in order to help the jury reach the proper and intended result in this case.

Plaintiff has submitted such instructions for the Court's consideration. They are as follows:

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 13**
**UNINSURED MOTORIST COVERAGE**

The purpose of uninsured motorist coverage is to afford the same protection to a person injured by an uninsured motorist as he would have had if the negligent motorist had carried liability insurance.

The above statement is all but a direct quote from *Biggs v State Farm*, 1977 OK 135 ¶16, so there is no opportunity for the jury to be misguided by this instruction.

**PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 14**
**MEANING OF "HIT AND RUN"**

You are instructed that as used in GEICO's insurance policy, "hit and run" does not require an actual impact between an unidentified vehicle and the vehicle driven by the Plaintiff, Jeffrey Semler. If you believe an unidentified owner or operator of a

4

vehicle was responsible for the collision, the fact that no physical contact occurred is not to be considered by you when you are determining whether this collision occurred as a result of a "hit and run motor vehicle".

By giving the jury the benefit of the judicial pronouncement at the beginning of the case and then instructing the jury on the law at the end of the case, there would be no opportunity for the jury to reach the wrong result by mistake.  No one ever wants that to happen.  As such, Plaintiff would urge the Court to follow the suggestions outlined above.

Dated this **13th** day of **December, 2013**.

*/s/ Tye H. Smith*
Tye H. Smith, OBA #14595
CARR & CARR
1350 S.W. 89th Street
Oklahoma City, OK  73159
405/234-2110
405/234-2128 (Fax)
tsmith@carrcarrokc.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this **13th** day of **December, 2013**, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mr. Gerald F. Pignato, Esq.
Mr. Paul M. Kolker, Esq.
PIGNATO COOPER KOLKER & ROBERSON
119 N. Robinson Avenue, 11th Floor
Oklahoma City, OK  73102
jerry@pclaw.org
paul@pclaw.org

                                        */s/  Tye H. Smith*
                                        Tye H. Smith