IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY SEMLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1354-D |
| | ) | |
| GEICO GENERAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court are the parties' respective motions in limine [Doc. Nos. 119, 121, and 123], which are fully briefed and at issue.

In this diversity case, Plaintiff Jeffrey Semler claims entitlement to uninsured motorist ("UM") coverage of $100,000 for injuries suffered on August 25, 2010, when he was involved in a single-car collision caused by swerving his vehicle to avoid a large-sized tire tread lying on a highway, apparently left by a semi-trailer truck. His insurer, Defendant GEICO General Insurance Company, denied coverage of the UM claim under the terms of Plaintiff's automobile insurance policy. Following the Court's summary judgment ruling, the case is set for a jury trial on Plaintiff's contract-based theory of recovery.[1] By their motions, each party seeks to prohibit the other from introducing evidence and argument regarding certain matters during the trial.

---

[1] Summary judgment was granted to Defendant on Plaintiff's tort theory of insurer's bad faith. *See* Order of May 17, 2013 [Doc. No. 93] at 13. Defendant has asserted a counterclaim for a declaratory judgment that it has no duty to provide UM coverage to Plaintiff under the insurance policy, but Plaintiff's claim must be decided by a jury before Defendant's equitable claim can be determined. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962).

**A.     Plaintiff's Motion**

Plaintiff seeks to exclude from evidence a document produced from Defendant's records regarding Plaintiff's initial contact with Defendant to report the incident. A telephone conversation between Plaintiff and an employee of Defendant resulted in a call log entry in which the employee noted, in abbreviated form, a description of the loss. The entry suggests that Plaintiff first stated there was a vehicle traveling in front of him that successfully avoided the tire tread. Specifically, it states: "Ph Sttd Trav Dwn Hwy, Sttd Veh In Fr Ont Of Him Moved Out of Way, Ph Coll W/ 18wheeler Tire Debris." *See* Pl.'s Motion, Ex. 1 [Doc. No. 123-1]. Plaintiff contends this entry – which he refers to as the first notice of loss[2] – is inadmissible hearsay if offered as the employee's report of what Plaintiff said during the call, that it provides an improper basis for opinion testimony by Defendant's expert on accident reconstruction, and that it should not be used for impeachment purposes if it is inadmissible.[3]

As to Plaintiff's hearsay objection, Defendant asserts it will lay a proper foundation at trial to admit the entry under the "business record" exception to the hearsay rule, pursuant to Rule 803(6), Fed. R. Evid. Defendant alleges that the abbreviated notation was entered in an "activity log" that it uses to document information relayed by insureds and that the entry at issue was generated by a claims information clerk who took Plaintiff's call and transcribed in a shorthand form his report of the incident. If Defendant establishes that the entry reflects a statement made by Plaintiff, then it

---

[2] The entry bears the title, "FNOL Loss report." *Id*.

[3] Plaintiff also makes a conclusory statement that the entry should be excluded under Rule 403 as unfairly prejudicial. The nature of the alleged prejudice is unexplained. "Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case. To be *unfairly* prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (internal quotations omitted) (emphasis in original); *see also Therrien v. Target Corp.*, 617 F.3d 1242, 1255-56 (10th Cir. 2010).

2

contains non-hearsay under Rule 801(d)(2)(A). As to Plaintiff's objection to expert opinions based on the entry, Defendant argues that its expert witness properly relied on the entry pursuant to Rule 703, as the sort of information that an accident reconstructionist regularly relies on, regardless of whether the entry constitutes admissible evidence. Finally, Defendant contends there is no prohibition against using a statement attributed to Plaintiff for impeachment purposes.

A summary of the parties' arguments makes clear that Plaintiff's objections raise issues that cannot be resolved in advance of trial but must be decided in the context of the trial evidence. Defendant's theory of admissibility of the first notice of loss requires a proper evidentiary foundation. Therefore, the Court will deny Plaintiff's Motion, but will prohibit Defendant's counsel from referring to the first notice of loss during opening statements. Further, Defendant's counsel is directed to provide the Court and opposing counsel with advance notice during the trial before utilizing the challenged evidence, in order to permit a ruling outside the presence of the jury on whether its admissibility has been shown.

**B.      Defendant's Motions**

Defendant has been permitted to file two motions in limine. The first one entitled, "Defendant's Motions *In Limine* Nos. 1-7" [Doc. No. 119], covers topics ranging from past criminal convictions of an expert witness to references to irrelevant issues. As to each of these seven categories, Plaintiff has responded that he agrees not to inquire into these areas.[4] The Court finds this Motion presents no issue for decision and, therefore, is moot.

---

[4] Like Plaintiff, the Court understands Defendant's objection to testimony of Plaintiff's expert, Bill Uselton, to be limited to his opinion that the unidentified truck driver was "negligent." As to the general admissibility of Mr. Uselton's expert opinions, Defendant made no timely *Daubert* motion.

Defendant's other motion seeks to exclude opinion testimony by Plaintiff's expert witness, Larry Owen, and to strike him as a witness. Defendant first contends Mr. Owen violated Rule 26(a)(2), Fed. R. Civ. P., by providing a deficient expert report within the deadline set by the Court for expert disclosures (May 2, 2012), and that he should be prohibited from testifying at trial as an appropriate sanction under Rule 37(c). Defendant also contends Mr. Owen's opinions, as disclosed in his report, should be excluded because they are unhelpful and thus fail the "touchstone" for admissibility of expert testimony (*see* Def.'s Motion [Doc. No. 121] at 9), and because they are unreliable and "pure *ipse dexit*." *See id.* at 14. Although Defendant carefully avoids citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and instead cites only evidentiary rules codifying that decision and other cases, the Court finds these latter contentions constitute an untimely *Daubert* motion, which will not be considered.[5]

Regarding the adequacy of Mr. Owen's expert report disclosed on May 2, 2012, in light of the expert opinions to which he testified in a deposition taken on October 29, 2013, Defendant is plainly correct that the report fails to satisfy Rule 26(a)(2)(B). It does not state all of the opinions Mr. Owen intends to express at trial and the basis for them, nor does it disclose all of the facts and data he considered in forming them. Instead, sometime before his deposition in October, 2013, Mr. Owen was asked by Plaintiff's counsel to supplement his opinions to address the conclusions reached by Defendant's expert on accident reconstruction, William Kennedy, regarding causation. Where Mr. Owen had merely stated in his original report that the cause of the crash was tire tread in the roadway, he testified during his deposition that Plaintiff did not have sufficient reaction time

---

[5] To the extent Defendant phrases its "unhelpfulness" argument as a Rule 403 objection, the Court finds that Mr. Owen's challenged opinions are relevant to the trial issues, and would not be a waste of time or a needless presentation, as argued by Defendant.

to avoid the tire debris under the circumstances. In support of this opinion, Mr. Owen relied on a formula worksheet and diagram first provided to Defendant's counsel during the deposition; no supplemental report was provided.

The question presented is whether exclusion of Mr. Owen as a witness, or exclusion of opinions not timely disclosed, is an appropriate sanction. While the Court does not condone a lack of diligence by Plaintiff's counsel and designated expert, the Court finds that neither requested sanction is appropriate.

Notably absent from Defendant's Motion is any explanation of why Defendant waited until the eve of trial to raise this issue or its claim of unfair surprise. Trial preparation in this case proceeded under a schedule negotiated and agreed to by counsel for the parties as a means of resolving a discovery dispute and other case management issues. The parties were allowed to delay expert discovery until the Court had ruled on Defendant's motion for summary judgment, to delay the filing of *Daubert* motions pending the completion of expert discovery, and to delay trial submissions until approximately two months after *Daubert* motions were due. Defendant now points to deficiencies in Mr. Owen's report involving a general lack of specificity and insufficient explanation of reasons.[6] These alleged deficiencies are apparent on the face of the report, and were known to Defendant's counsel when the report was first disclosed in May, 2012. The nondisclosure of a supplemental report with additional opinions became known to Defendant's counsel at the time of Mr. Owen's deposition in October, 2013. Yet Defendant chose to wait until trial submissions

---

[6] Defendant asserts, in part: "Owen's report simply summarizes evidence. It completely omitted the reconstruction. Owen's report is devoid of math, measurements, equations, calculations, data, drawings, *etc*." *See* Def.'s Motion [Doc. No. 121] at 6.

were due to raise this deficiency.  Under the circumstances, the Court finds that Defendant's claim of unfair surprise is unfounded.

Turning to the legal basis of Defendant's Motion, "Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless. 'The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.'" *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952-53 (10th Cir. 2002) (citation omitted, quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).  In determining whether the violation was justified or harmless, a district court "should consider the following factors:  '(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the [nondisclosing] party's bad faith or willfulness.'" *See id*. at 953 (quoting *Woodworker's Supply*, 170 F.3d at 993); *see also ClearOne Comm., Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011).

The surprise to Defendant from Mr. Owen's supplemental opinions with more specific findings regarding causation was not great.  Mr. Owen was merely responding to opinions expressed by Defendant's expert on this issue.  The only prejudice from nondisclosure identified by Defendant was the lack of advance notice of the additional opinions before taking Mr. Owen's deposition. However, the purpose of the expert disclosures required by Rule 26(a)(2) reports is "to allow the opposing party 'a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'" *Jacobson*, 287 F.3d at 953 (quoting Fed. R. Civ. P. 26(a)(2) advisory committee note (1993)).  Defendant does not contend it will be unable to

6

prepare for effective cross examination of Mr. Owen or that it will need to arrange for other expert testimony in light of his supplemental opinions. Defendant does not make a sufficient showing of prejudice. Defendant does not identify any trial disruption that will result from permitting Mr. Owen to testify regarding his opinions. Defendant also does not assert that Plaintiff or his counsel acted in bad faith or willfully failed to disclose Mr. Owen's supplemental opinions.[7] Accordingly, the Court finds that Mr. Owen should not be prohibited from testifying at trial nor prohibited from expressing his opinions regarding the cause of the accident.

## Conclusion

For these reasons, the Court finds that Plaintiff's Motion in Limine raises issues that cannot be decided in advance of trial but that Defendant's Motions in Limine should be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine [Doc. No. 123] is DENIED as set forth herein; Defendant's Motions in Limine [Doc. Nos. 119 & 121] are DENIED.

IT IS SO ORDERED this 7th day of January, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[7] Defendant accuses Mr. Owen of willfulness or bad faith because he has engaged in similar conduct in other cases. This is not the appropriate inquiry.