IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY SEMLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. **CIV-11-1354-D** |
| ) | |
| GEICO GENERAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **FINAL PRETRIAL REPORT**

All counsel who will appear at trial:

Appearing for **Plaintiff**:   Tye H. Smith, Esq.
                                CARR & CARR
                                1350 S.W. 89th Street
                                Oklahoma City, OK  73159
                                405/234-2110
                                405/234-2128 (Fax)
                                tsmith@carrcarrokc.com

Appearing for **Defendant**:   Gerard F. Pignato, Esq.
                                Paul M. Kolker, Esq.
                                PIGNATO COOPER KOLKER & ROBERSON
                                119 N. Robinson Avenue, 11th Floor
                                Oklahoma City, OK  73102
                                405/606-3333
                                405/606-3334 (Fax)
                                jerry@pclaw.org
                                paul@pclaw.org

      **JURY TRIAL DEMANDED.**

1.    **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties (appropriate for use during jury selection in jury cases).

The parties in this case are the plaintiff, Jeffrey Semler, and the defendant, GEICO General Insurance Company (hereinafter referred to as GEICO).  The parties agree that GEICO was Jeffrey Semler's automobile insurer on August 25, 2010.  The parties also agree that Jeffrey Semler's automobile insurance policy with GEICO included uninsured motorist coverage.  The parties also agree that the uninsured motorist coverage with GEICO provided coverage for any damages suffered by Jeffrey Semler as a result of any personal injuries Jeffrey Semler may suffer as a result of the negligent ownership, maintenance or use of a motor vehicle, if the owner or operator of the motor vehicle is either uninsured or cannot be identified.  The parties also agree that Jeffrey Semler was involved in a motor vehicle accident on the night of August 25, 2010.  The parties agree that the accident took place after dark while Jeffrey Semler was driving his 2005 Ford Expedition east on Highway 3 in Canadian County, Oklahoma as he approached a bridge.  The parties agree that a tire tread was found in Jeffrey Semler's lane of travel immediately after the accident occurred.  The parties further agree that Jeffrey Semler suffered injury as a result of the accident.

Plaintiff, Jeffrey Semler, claims that the collision occurred due to the negligence of an unidentified large commercial truck or semi-tractor/trailer.  As a result, Jeffrey Semler claims his vehicle impacted the tire tread and was thrown into a guardrail and caused him to spin off the roadway and suffer a broken finger, a lacerated hand and injuries to his back and neck.  Jeffrey Semler claims that as a result of the negligence of the unknown vehicle's owner or operator, he suffered personal injuries for which his insurance company, GEICO, is obligated to pay him under the terms of his policy with GEICO.

GEICO denies these allegations and claims that Jeffrey Semler cannot prove that the unidentified truck was a hit and run motor vehicle, or that he was injured due to the negligence of an unidentified owner or operator of a motor vehicle.  GEICO claims that Jeffrey Semler's own negligence was the sole cause of the accident and that his back injuries were not caused by the accident of August 25, 2010.  Specifically, GEICO contends that, at best, Plaintiff's lumbar injury constitutes an aggravation of a preexisting condition.

2. **JURISDICTION**.  The basis on which the jurisdiction of the Court is invoked.

This case was removed to this Court pursuant to 28 U.S.C. §1441 and §1446.  Jurisdiction is proper pursuant to 28 U.S.C. §1441(a) on the grounds that the Federal Court has diversity jurisdiction under 28 U.S.C. §1332.

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed or reasonably disputable, including jurisdictional facts.

    A.    Venue is proper.

    B.    Plaintiff was involved in an automobile accident on August 25, 2010.

    C.    At the time of Plaintiff's accident, Plaintiff had in force a policy of insurance issued by GEICO which provided uninsured motorists coverage benefits to Plaintiff.

    D.    Jeffrey Semler sustained some degree of injury in the accident.

    E.    The collision occurred at approximately 11 pm.

    F.    A tire tread was found in the roadway immediately after the accident occurred.

    G.    No vehicle or driver was ever identified as leaving the tire tread in the roadway.

    H.    Geico's insurance policy with Jeffrey Semler states:  Under the Uninsured Motorists Coverage, we will pay damages for bodily injury caused by accident which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or a hit-and-run motor vehicle arising out of the ownership, maintenance or use of that auto. The amount of the insured's recovery for these damages will be determined by agreement between the insured or his representative and GEICO.

           Hit-and-run motor vehicle is a motor vehicle causing bodily injury to an insured, and whose owner or operator cannot be identified.

           (This stipulation is for the Court only and not to be disclosed to the jury) In addition to Stipulation H, Geico's insurance policy with Jeffrey Semler states:

                The dispute may be arbitrated if an agreement cannot be reached.

4.    **<u>LEGAL ISSUES</u>**.  State separately, and by party, each disputed legal issue and the authority relied upon.

    A.    Pending Motions *in Limine*.

    B.    Scope of *Voir Dire* and incorporation of proposed *voir dire* questions submitted by the parties.

    C.    Plaintiff believes a legal issue exists regarding how the jury should be instructed on the issue of what constitutes a "hit-and-run motor vehicle". To avoid confusion by the jury, since one of the primary issues in this case is whether Plaintiff suffered injury as a result of a "hit-and-run motor vehicle", based upon the Oklahoma Supreme Court's ruling in *Biggs v State Farm*, the Court should instruct the jury that "hit-and-run" does not require any actual physical impact between an unidentified vehicle and the Plaintiff's vehicle per the requested jury instruction submitted by the Plaintiff.

5.    **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    **Plaintiff**: Plaintiff is entitled to an award in his favor against Defendant for:

    A. Damages Plaintiff has suffered as a result of the negligence and/or negligence per se of the owner and/or operator of an unidentified vehicle, consisting of:

        1.    Past and future mental and physical pain and suffering;
        2.    Past and future physical pain and suffering;
        3.    Temporary and permanent injuries;
        4.    Loss of enjoyment of life;
        5.    Aggravation of a pre-existing condition;
        6.    Physical impairment; and
        7.    Past and future medical expenses.

    B. Defendant's breach of the insurance contract.

**Defendant**:

    A.    GEICO denies it has breached its contract with Plaintiff.

    B.    GEICO contends that the unidentified truck was not a hit-and-run motor vehicle.

    C.    The evidence does not demonstrate that Plaintiff's accident was caused as a result of the negligence of a hit-and-run motor vehicle.

  D. The evidence does not demonstrate that the tire tread separated from a tire due to negligent maintenance of the tire by the owner or operator of a hit-and-run motor vehicle.

  E. The evidence does not demonstrate that the operator of the hit-and-run motor vehicle knew or should have known that he/she lost a tire tread that was eventually struck by the Plaintiff.

  F. The evidence demonstrates that the subject accident was proximately caused as a result of the negligence of the Plaintiff in failing to pay attention to the roadway and in driving at an excessive speed.

  G. The evidence demonstrates that any injury suffered by Plaintiff as a result of this accident would have been avoided if Plaintiff had properly reacted to the tire tread lying in the roadway before and after he struck it.

  H. The evidence will demonstrate Plaintiff had preexisting conditions and injuries involving the same body parts at issue in the present case.  As such, Plaintiff cannot show that it is more probable than not that his claims of injury were caused by the accident of August 25, 2010.

  I. The evidence does not demonstrate that Plaintiff suffered a new back injury as a result of the accident of August 25, 2010.

  J. The evidence demonstrates that any alleged injuries Plaintiff claims to have suffered to his lumbar spine in the accident of August 25, 2010 were not permanent and have fully resolved.

  K. At best, Plaintiff's lumbar injury constitutes an aggravation of a pre-existing condition.

  L. GEICO has filed several Motions in Limine. GEICO adopts and incorporates the arguments set forth in those Motions in Limine as though fully set forth herein.

6. **<u>EXHIBITS</u>**.  The following exclusionary language **<u>MUST</u>** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

A. **Plaintiff**: (Premarked for trial and exchanged as required under LCvR 39.4(a))

| No. | Title/Description | Doc. ID No. | Objection |
|---|---|---|---|
| 1. | Schedule A - List of Medical Bills of Jeffrey Semler | | 402 |
| 2. | Medical Bills of Jeffrey Semler | 001 - 002<br>003<br>004<br>005 - 007<br>008<br>009 - 011<br>015<br>012 | 402 |
| 3. | Schedule B - List of Medical Records of Jeffrey Semler | | 402 |
| 4. | Medical Records of Jeffrey Semler | 2129 - 2136<br>2017 - 2053<br>2000 - 2016<br>2056 - 2075<br>2076 - 2079<br>2080 - 2090<br>2091<br>2092<br>2093 - 2094<br>2101 - 2104<br>2095 - 2100 | 402 |
| 5. | Larry Owen Photographs | 4053 - 4061 | See GEICO's Motion in Limine [DOC. No. 121]. |
| 6. | Bill Uselton Photographs | 4003 - 4010 | |
| 7. | Photographs of Plaintiff's Vehicle | 4000 - 4002 | |

B.  **Defendant**:   (Premarked for trial and exchanged as required under LCvR 39.4(a))

| NO. | TITLE/DESCRIPTION | DOC. ID NO. | OBJECTION |
|---|---|---|---|
| 1. | GEICO insurance policy, less the dec page | DEFENDANT'S TRIAL EXHIBIT 01 001-024 | None per agreement with Defense Counsel as to limited policy provisions to be submitted |
| 2. | Plaintiff's pre-accident medical records from Alexander L'Heureux, M.D. | DEFENDANT'S TRIAL EXHIBIT 02 001-016 | |
| 3. | Plaintiff's pre-accident medical records from Springs Internal Medicine | DEFENDANT'S TRIAL EXHIBIT 03 001-003 | Plaintiff objects to the lower half of page 002 of this exhibit being included as a "pre-accident" medical record as that note (hand-written notes regarding prescriptions) was created after the accident as confirmed by the corresponding prescription record dated 3/07/11 found at Defendant's Exhibit 22-001 |
| 4. | Withdrawn | | |
| 5. | Curriculum Vitae of Alexander L'Heureux, M.D. | DEFENDANT'S TRIAL EXHIBIT 05 001-005 | |
| 6. | Withdrawn | | |
| 7. | Withdrawn | | |
| 8. | Transcript of Plaintiff's recorded statement taken on December 20, 2010 | DEFENDANT'S TRIAL EXHIBIT 08 001-005 | Potentially proper for impeachment only.  Otherwise, cumulative, irrelevant, misleading, unfairly prejudicial<br><br>Fed. R. Evid. 401, 402, 403 |

| NO. | TITLE/DESCRIPTION | DOC. ID NO. | OBJECTION |
|---|---|---|---|
| 9. | Audio from Plaintiff's recorded statement taken on December 20, 2010 | DEFENDANT'S TRIAL EXHIBIT 09 001 | Potentially proper for impeachment only. Otherwise, cumulative, irrelevant, misleading, unfairly prejudicial<br><br>Fed. R. Evid. 401, 402, 403 |
| 10. | Photographs of Plaintiff's vehicle | DEFENDANT'S TRIAL EXHIBIT 10 001-006 | |
| 11. | Daytime photographs of accident scene taken by Larry Owen | DEFENDANT'S TRIAL EXHIBIT 11 001-005 | |
| 12. | Daytime photographs of accident scene taken by William Kennedy, P.A. | DEFENDANT'S TRIAL EXHIBIT 12 001-003 | |
| 13. | Nighttime photographs of accident at night William Kennedy, P.A. | DEFENDANT'S TRIAL EXHIBIT 13 001-002 | Relevance, unfairly prejudicial, confusing, misleading, authenticity.<br><br>Fed. R. Evid. 401, 402, 403, 901 |
| 14. | Diagram/aerial view of accident scene created by William Kennedy, P.A. | DEFENDANT'S TRIAL EXHIBIT 14 001 | |
| 15. | Plaintiff's MRI report from Vantage Diagnostic Imaging dated September 15, 2010 | DEFENDANT'S TRIAL EXHIBIT 15 001-002 | |
| 16. | Plaintiff's MRI films from Vantage Diagnostic Imaging, dated September 15, 2010 | DEFENDANT'S TRIAL EXHIBIT 16 001-023 | Plaintiff objects to images on CD being given to jury as improper |
| 17. | Curriculum Vitae of William Kennedy, P.A. | DEFENDANT'S TRIAL EXHIBIT 17 001-002 | |
| 18. | Withdrawn | | |
| 19. | GEICO Activity Log note, dated August 27, 2010 | DEFENDANT'S TRIAL EXHIBIT | This exhibit is inadmissible as |

| NO. | TITLE/DESCRIPTION | DOC. ID NO. | OBJECTION |
|---|---|---|---|
|  |  | 19 001 | irrelevant, confusing, cumulative, misleading, unfairly prejudicial, authenticity, hearsay.<br><br>Fed. R. Evid. 401, 402, 403, 801, 802, 901; see Motion in Limine too |
| 20. | Plaintiff's post-accident medical records from Integris Bass Baptist Hospital | DEFENDANT'S TRIAL EXHIBIT 20 001-007 |  |
| 21. | Plaintiff's post-accident medical records from Accident Care and Treatment Centers | DEFENDANT'S TRIAL EXHIBIT 21 001 |  |
| 22. | Plaintiff's pharmacy records from Medic Pharmacy | DEFENDANT'S TRIAL EXHIBIT 22 001-008 |  |
| 23. | Plaintiff's x-ray films from Alexander L'Heureux, M.D., dated January 12, 2006 | DEFENDANT'S TRIAL EXHIBIT 23 001-002 | No objection to prints. Plaintiff objects to images on CD being given to jury as improper |
| 24. | Plaintiff's x-ray films from Alexander L'Heureux, M.D., dated July 16, 2013 | DEFENDANT'S TRIAL EXHIBIT 24 001-002 | No objection to prints. Plaintiff objects to images on CD being given to jury as improper |
| 25. | Withdrawn |  |  |
| 26. | Withdrawn |  |  |
| 27. | Commercial Medium Tire Debris Study published by the U.S. Department of Transportation, dated December 2008 | DEFENDANT'S TRIAL EXHIBIT 27 001-235 | No objection to proper use at trial pursuant to FRE 803(18), but should not be admitted |

7. **WITNESSES**: The following exclusionary language **MUST** be included:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

9

A.  **Plaintiff**:

| NO. | NAME/ADDRESS | PROPOSED TESTIMONY |
|---|---|---|
| 1. | Jeffrey Semler<br>c/o Tye H. Smith<br>Carr & Carr<br>1350 S.W. 89th Street<br>Oklahoma City, OK  73159 | Facts and circumstances of collision and damages. |
| 2. | Tamela Semler<br>c/o Tye H. Smith, Esq.<br>CARR & CARR<br>1350 S.W. 89th Street<br>Oklahoma City, OK  73159 | Facts and circumstances of collision and plaintiff's damages. |
| 3. | Trooper Dallas Edwards<br>Oklahoma Highway Patrol<br>Troop A, 2480 W. I-240 Frontage Road Oklahoma City, OK 73159 | Knowledge regarding facts and circumstances of this collision, the collision scene and surrounding area |
| 4. | David Craig<br>3520 N.W. Expressway<br>Okarche, OK  73762 | Knowledge regarding facts and circumstances of this collision, the collision scene and surrounding area |
| 5. | Larry Owen<br>1745 W. Burr Oak Road<br>Norman, OK  73072 | Accident reconstruction.  Deposed.  See Expert Report and deposition. |
| 6. | Bill Uselton<br>11409 Mackel Drive<br>Oklahoma City, OK  73170 | Trucking expert.  Deposed.  See Expert Report and deposition. |
| 7. | Dr. Scott Mitchell, DO<br>Oklahoma City, OK | Video Deposition.  Plaintiff's diagnosis, care and treatment. |
| 8. | Carrie Sigler (or any other GEICO representative who sponsors Defendant's Exhibit 19) | Defendant's position on facts and issues in case; Answer questions about Defendant's Exhibit 19 |
| 9. | GEICO representative at counsel table | Defendant's position on facts and issues in case; Answer questions about Defendant's Exhibit 19 |

B.  **Defendant**:

| No. | Name/Address | Proposed Testimony |
|---|---|---|
| 1. | David Craig<br>Post Office Box 70<br>Okarche, Oklahoma 73762 | Recorded statement; appeared upon the scene of the accident shortly thereafter; conversation with Plaintiff; observation of tire tread. |
| 2. | Gary Bolden<br>Standards Testing Laboratories, Inc.<br>Post Office Box 758<br>1845 Harsh Avenue SE<br>Massillon, Ohio 44648 | Cause of tire tread separations; see Expert Report dated May 16, 2012 |
| 3. | Gary Janzen<br>7517 Northwest 28th Street<br>Bethany, Oklahoma 73008 | Question whether a truck driver always or usually knows he/she has lost a tire tread on a trailer. See Expert Report dated May 16, 2012. |
| 4. | William Kennedy<br>233 South Lulu<br>Wichita, Kansas 67211 | Expert accident reconstructionist. See Expert Report dated May 16, 2012. |
| 5. | E. Alexander L'Heureux, Jr., M.D.<br>1405 Northwest 150th Street<br>Edmond, Oklahoma 73013 | Nature, extent and causation of Plaintiff's alleged injuries as set forth in his Expert Report dated July 16, 2013. Trial deposition obtained on October 9, 2013. |
| 6. | Carrie Sigler<br>GEICO<br>Dallas, Texas | Identification and authentication of GEICO activity log note dated August 27, 2010 |
| 7. | Richard Ingling<br>GEICO<br>Dallas, Texas | Identification and authentication of GEICO activity log note dated August 27, 2010 |

8.  **ESTIMATED TRIAL TIME**:

    A.  Plaintiff's Case:  Two (2) days.

    B.  Defendant's Case:  One (1) day.

11

9.  **BIFURCATION REQUESTED**:  Not applicable.

10. **POSSIBILITY OF SETTLEMENT**:  Poor.

All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the Court.

*/s/ Tye H. Smith*
Tye H. Smith, OBA #14595
CARR & CARR
1350 S.W. 89th Street
Oklahoma City, OK  73159
405/234-2110
405/234-2128 (Fax)
tsmith@carrcarrokc.com

**COUNSEL FOR PLAINTIFF**

*/s/ Gerard F. Pignato*
Gerard F. Pignato, OBA #11473
Paul M. Kolker, OBA #
PIGNATO COOPER KOLKER & ROBERSON
119 N. Robinson Avenue, 11th Floor
Oklahoma City, OK  73102
405/606-3333
405/606-3334 (Fax)
jerry@pclaw.org
paul@pclaw.org

**COUNSEL FOR DEFENDANT**