IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY SEMLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-1354-D |
| | ) |
| GEICO GENERAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Plaintiff Jeffrey Semler's Motion to Enter Judgment [Doc. No. 160]. Following a jury trial resulting in a verdict for Plaintiff, he proposes the entry of a final judgment in his favor on his breach of contract claim to recover uninsured motorist (UM) benefits under the insurance policy issued by Defendant GEICO General Insurance Company, as well as a judgment in his favor on Defendant's counterclaim for a declaratory judgment that it has no duty to provide UM coverage. Although the jury assessed damages in the amount of $210,000.00, Plaintiff concedes he is entitled to receive only the policy limit of coverage, or $100,000.00. Plaintiff also proposes that the judgment recite the Court's prior summary judgment ruling in Defendant's favor with respect to Plaintiff's tort claim of insurer's bad faith.

Curiously, Defendant has filed a response in opposition to Plaintiff's Motion. Defendant objects only to Plaintiff's request that the judgment include Defendant's counterclaim. Defendant first contends the counterclaim "is now moot." *See* Def.'s Resp.

Br. [Doc. No. 161] at 2. Alternatively, Defendant contends the counterclaim should be dismissed for lack of prosecution because it was omitted from Defendant's motion for summary judgment and was not identified in the Final Pretrial Report; Defendant states it essentially abandoned the counterclaim before trial.

Defendant's mootness argument is hard to follow. As the Court understands it, Defendant contends the counterclaim was a legal claim and not an equitable one and, thus, should have been submitted to the jury for decision. Because the Court has not ruled on the counterclaim and a ruling in Defendant's favor would be inconsistent with the jury's factual findings, Defendant views further pursuit of its counterclaim to be futile, and it asserts the counterclaim "should be rendered moot." *See* Def's Resp. Br. [Doc. No. 161] at 3.

Defendant's discussion of whether the counterclaim is legal or equitable in nature challenges a statement by the Court in its Order of January 7, 2014, announcing pretrial evidentiary rulings. The Court stated as follows: "Defendant has asserted a counterclaim for a declaratory judgment that it has no duty to provide UM coverage to Plaintiff under the insurance policy, but Plaintiff's claim must be decided by a jury before Defendant's equitable claim can be determined. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962)." *See* Order [Doc. No. 141] at 1, n.1. Defendant contends *Dairy Queen* was not a declaratory judgment action, and is factually distinguishable.

The Court cited *Dairy Queen* for the unremarkable proposition that a district court must honor a party's "demand for a trial by jury on the factual issues related to the question of whether there has been a breach of contract," and where "these issues are common with

those upon which [the opposing party's] claim to equitable relief is based, the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims." *Dairy Queen*, 369 U.S. at 479. Defendant argues, without citation of legal authority, that its counterclaim for a declaratory judgment under 28 U.S.C. § 2201 was a legal, and not equitable, claim. In fact, "[a] request for declaratory relief 'may be legal or equitable depending on the basic nature of the underlying issues.'" *Mile High Indus. v. Cohen*, 222 F.3d 845, 856 (10th Cir. 2000) (quoting *Fischer Imaging Corp. v. General Elec. Co.*, 187 F.3d 1165, 1168 (10th Cir.1999)). The Court did not intend its statement as a ruling on the nature of Defendant's counterclaim but, instead, and perhaps inartfully, only as a shorthand means to note that neither party had demanded a jury trial on it. *See* Fed. R. Civ. P. 57 ("Rules 38 and 39 govern a demand for a jury trial" for a declaratory judgment claim under 28 U.S.C. § 2201).

The Court now understands Defendant's position to be that it has chosen – either by its present concession that the relief sought is foreclosed or "mooted" by the jury's verdict or through earlier abandonment of it – not to press for a declaratory judgment and to permit the entry of a final judgment in Plaintiff's favor without it. As recognized by Plaintiff in his reply brief, this position amounts to a request that the Court permit Defendant to voluntarily dismiss its counterclaim. Plaintiff objects to Defendant's request for dismissal on the ground that it is a tactical move designed to prevent Plaintiff from obtaining an award of court costs related to a claim on which he has prevailed. Plaintiff also argues that Fed. R. Civ. P. 41 does not authorize the voluntary dismissal of a counterclaim at this stage of the case.

Plaintiff's first argument is misguided. "[I]t is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Cantrell v. IBEW, Local 2021*, 69 F.3d 456, 458-59 (10th Cir. 1995) (en banc); *see* Fed. R. Civ. P. 54(d)(1). "[U]sually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)(1)." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001) (internal quotation omitted). Further, "[a] party need not prevail on every claim and counterclaim to be awarded costs as the prevailing party." *Haynes Trane Serv. Agency, Inc. v. American Standard, Inc.*, 573 F.3d 947, 967 (10th Cir. 2009). More important to Plaintiff here, a party's voluntary dismissal (either with or without prejudice) makes an opponent the prevailing party for purposes of Rule 54(d). *See Cantrell*, 69 F.3d at 458. Thus, Plaintiff will be the prevailing party on Defendant's counterclaim regardless whether it is adjudicated on the merits or dismissed.

Plaintiff's argument regarding Rule 41 overlooks the provision for a dismissal by court order under Rule 41(a)(2), which is made applicable to counterclaims by Rule 41(d). Rule 41(a)(1) permits a party, under certain circumstances, to dismiss a claim unilaterally without the consent of an opposing party or the court. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). However, Rule 41(a)(2) permits a party to obtain a dismissal "by court order, on terms that the court considers proper." Under the circumstances of this case, the Court sees no reason why Defendant should not be able to concede defeat and dismiss its counterclaim. However, because Defendant previously filed and dismissed the same declaratory judgment action in state court, the Court finds that the dismissal should be with prejudice as contemplated by

Rule 41(a)(1). *See* Fed. R. Civ. P. 41(a)(1)(B) ("if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits"). In any event, a dismissal for failure to prosecute would have the same effect. *See* Fed. R. Civ. P. 41(b).

For these reasons, and in light of the parties' agreement that Plaintiff is entitled to a judgment in the amount of $100,000.00, the Court finds there are no remaining issues presented for judicial determination. The Court will direct the entry of the judgment to which Plaintiff is entitled pursuant to the jury's verdict in his favor.[1]

IT IS THEREFORE ORDERED that Plaintiff's Motion to Enter Judgment [Doc. No. 160] is GRANTED in part and DENIED in part, as set forth herein. Judgment shall be entered in favor of the Plaintiff in the amount of $100,000.00.

IT IS SO ORDERED this 25th day of February, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] The Court's grant of summary judgment to Defendant on Plaintiff's tort claim need not be stated in the judgment because the prior order will merge into the final judgment. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1111 (10th Cir. 2007); *see also AdvantEdge Business Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1237 (10th Cir. 2009).