IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JEFFREY SEMLER,                    )
                                   )
              Plaintiff,           )
                                   )
vs.                                )      Case No.  CIV-11-1354-D
                                   )
GEICO GENERAL INSURANCE            )
COMPANY,                           )
                                   )
              Defendant.           )


**O R D E R**

Before the Court is Defendant's Motion to Review the Costs Taxed by the Court Clerk

[Doc. No. 191], filed pursuant to Fed. R. Civ. P. 54(d)(1).  Plaintiff has timely opposed the

Motion, which is fully briefed and at issue.

On April 24, 2014, the Clerk taxed costs in the amount of $8,258.34 in favor of

Plaintiff as the prevailing party under the Judgment entered February 25, 2014.[1]  A jury

awarded damages to Plaintiff in the amount of $210,000.00 on a breach of contract claim

regarding uninsured motorist insurance coverage.  By subsequent order, the Court reduced

the award to $100,000.00, as the limit of coverage under the insurance policy, and dismissed

Defendant's counterclaim with prejudice.  *See* 2/25/14 Order [Doc. No. 163].  Before trial,

the Court had granted summary judgment to Defendant on Plaintiff's tort claim for breach

---

[1] The Clerk taxed no costs in favor of Defendant, which had also filed a bill of costs, because it was
not the prevailing party.  This ruling is unchallenged.

of the insurer's duty of good faith and fair dealing.  *See* 5/17/13 Order [Doc. No. 93].  In taxing costs pursuant to Rule 54(d)(1) and 28 U.S.C. § 1920, the Clerk reduced two amounts shown on Plaintiff's Bill of Costs because he sought a filing fee paid in state court, which is not a fee of the clerk within the meaning of § 1920(1), and because he included certain items that were not fees for printed or electronically recorded transcripts, as authorized by § 1920(2).  Otherwise, the Clerk taxed the full amount sought by Plaintiff.

Defendant's Motion seeks review of the Clerk's action for two reasons.  First, Defendant contends the Court should vacate the award and deny Plaintiff's Bill of Costs in total.  Defendant argues that pursuant to Oklahoma law, which governed this diversity case, Plaintiff cannot recover from Defendant a sum in excess of the insurance policy limits. Alternatively, Defendant asks the Court to exercise its discretion to apportion costs among the parties or to reduce the amount of Plaintiff's award in order to reflect his partial success on less than all claims.  Defendant argues that some deposition costs involved witnesses whose testimony was pertinent only to Plaintiff's bad faith claim, on which Defendant prevailed.  Defendant contends these costs would have been unnecessary, and thus not recoverable under § 1920(2), but for Plaintiff's assertion of an unsuccessful claim.

### 1.     State Law Limit on Recovery

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that the prevailing party should recover costs other than attorney's fees "[u]nless a federal statute, these rules, or a court order provides otherwise."  "Rule 54 creates a presumption that the district court will award the prevailing party costs."  *Rodriguez v. Whiting Farms, Inc*., 360 F.3d 1180,

1190 (10th Cir. 2004); *accord Cantrell v. IBEW Local2021*, 69 F.3d 456, 458-59 (10th Cir. 1995) (en banc). The costs to be awarded are enumerated in 28 U.S.C. § 1920: "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; . . . [f]ees and disbursements for printing and witnesses; . . . [and] [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case . . . ." In this case, the Clerk correctly found Plaintiff to be the prevailing party. Thus, Rule 54(d)(1) authorizes Plaintiff to recover the fees set forth in § 1920 unless some federal statute, rule, or court order provides otherwise.

Defendant does not dispute that the fees taxed by the Clerk were those set forth in § 1920, and Defendant cites no federal statute or rule that would prohibit the award of costs to Plaintiff. Defendant instead relies on Oklahoma case law to support its position that Plaintiff cannot recover any costs because adding a sum to the judgment would exceed the limit of coverage under the insurance policy. In *Carney v. State Farm Mut. Auto. Ins. Co.*, 877 P.2d 1113 (Okla. 1994), the Oklahoma Supreme Court held that uninsured motorist carriers are not liable for prejudgment interest exceeding the policy limits. Based on this rule regarding prejudgment interest, Defendant asserts that "under Oklahoma law, GEICO cannot be liable for Semler's litigation costs, as this would make GEICO liable for an amount in excess of the policy limits." *See* Def.'s Motion [Doc. No. 191], p.6. Defendant argues by analogy to other state-law rules that the principle of Oklahoma law urged based on *Carney* is

3

"substantive" rather than "procedural" and, therefore, should be applied in a diversity case under the *Erie*[2] doctrine. *Id.*, pp.6-8.

"There is, however, a . . . fundamental flaw in [Defendant's] syllogism: the incorrect assumption that the rule of Erie R. Co. v. Tompkins constitutes the appropriate test of the validity and therefore the applicability of a Federal Rule of Civil Procedure." *Hanna v. Plumer*, 380 U.S. 460, 470 (1965). Following *Hanna*, there is one situation where the Supreme Court authorizes a simple litmus test to distinguish between substantive and procedural law: "where a federal rule of procedure is directly on point, that rule applies." *Trierweiler v. Croxton & Trench Holding Corp.* 90 F.3d 1523, 1539 (10th Cir. 1996). The Tenth Circuit has endorsed the following analysis: "[W]hen fairly construed, the scope of [one of the Federal Rules of Civil Procedure] is sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court, . . . we must apply the Federal Rule unless the Rule violates the Rules Enabling Act or is unconstitutional." *See Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1277 (10th Cir. 2011) (internal quotations omitted).

Defendant presents no legal authority for the proposition that a state rule prohibiting a recovery of court costs – assuming *Carney* would apply to court costs – should apply in a federal case. In contrast, the Tenth Circuit has held that "[i]n a diversity case, federal law controls in regard to the assessment of costs." *See Chaparral Res., Inc. v. Monsanto Co.*, 849

---

[2] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

F.2d 1286, 1291-92 (10th Cir. 1988); *see also Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996). In line with Tenth Circuit law, other district courts have held that "when Congress has explicitly prescribed the fees and costs to be allowed, such legislation must be deemed controlling and excludes the application in the federal courts of any different state practice or rule." *Brown v. Consol. Fisheries Co.*, 18 F.R.D. 433, 434-35 (D. Del. 1955) (citing *Henkel v. Chicago, St. P., M & O Ry. Co.*, 284 U.S. 444, 447 (1932)).

Because the costs taxed by the Clerk in this case are expressly authorized by Rule 54(d)(1) and federal statute, the Court finds that a conflicting state law concerning an award of court costs is not applicable. Therefore, Plaintiff may recover the costs taxed against Defendant even though Defendant will be required to pay more than Plaintiff's insurance policy limit.

### 2. Apportionment of Costs for Partial Success

The Tenth Circuit has held that in cases where the prevailing party has been only partially successful, a district court may exercise its discretion under Rule 54(d)(1) and elect "to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success." *See Barber v. T.D. Williams, Inc.*, 242 F.3d 1223, 1234-35 (10th Cir. 2001); *see also Debord v. Mercy Health Sys. of Kans., Inc.*, 737 F.3d 642, 659-60 (10th Cir. 2013). Defendant asks the Court to exercise this discretion based on Plaintiff's lack of success on his bad faith claim, and to either "award GEICO the costs incurred in successfully

defending this claim and/or reduce the costs awarded to [Plaintiff] accordingly." *See* Def.'s Motion [Doc. No. 191], p.14.

Defendant does not identify in its Motion any costs it incurred in the defense of Plaintiff's bad faith claim; Defendant merely points to costs Plaintiff incurred for depositions of witnesses whose testimony allegedly related only to that claim. Defendant argues that "the testimony of GEICO's representatives was irrelevant to [Plaintiff's] claim for UM benefits" on which he prevailed, and the depositions of Plaintiff's attorneys were also unnecessary to that claim. *Id.*, pp.13, 14. Because Defendant simply opposes Plaintiff's recovery of costs for these depositions, the Court will address only Defendant's request that Plaintiff's award be reduced by the amounts of these costs.

Upon consideration of this issue, the Court recognizes its discretion to reduce the amount of Plaintiff's cost award but declines to exercise that discretion under the circumstances presented. First, as to the testimony of Defendant's representatives, the Court finds that Defendant's relevance argument lacks merit in light of "the novel coverage dispute underlying this case." *See* Def.'s Mot. Summ. J. [Doc. No. 65], p.1. One piece of evidence on which Defendant relied throughout its defense of the coverage dispute – as shown by its motion for summary judgment, the Final Pretrial Report, and Defendant's opposition to Plaintiff's motion in limine – was an activity log generated by Defendant's employees regarding the processing of Plaintiff's insurance claim. Two of Defendant's representatives whose depositions are at issue, Carrie Sigler and Richard Ingling, were specifically listed as trial witnesses by Defendant to testify concerning this log. *See* Final Pretrial Report [Doc.

No. 142], p.11.  Further, Defendant expressly relied on the testimony of a third representative whom Plaintiff deposed, Elizabeth Bray, in support of its motion for summary judgment on the coverage issue.  *See* Def.'s Mot. Summ. J. [Doc. No. 65], p.19.  In light of Defendant's litigation strategy in defense of Plaintiff's claim for coverage, the Court cannot say that the depositions of these representatives were unrelated to the breach of contract claim on which Plaintiff prevailed.

Second, although the depositions of Plaintiff's attorneys may have related primarily to his bad faith claim, the Court also cannot say that the attorneys' testimony had no bearing on the breach of contract claim.  Plaintiff resisted Defendant's efforts to depose the attorneys and moved to quash subpoenas for their testimony.  Defendant opposed Plaintiff's motion by arguing that the attorneys were personally involved in the investigation and pursuit of Plaintiff's claim for coverage, and that "what happened during Plaintiff's UM claim is the foundation on which all claims and defenses asserted in this case rest."  *See* Def.'s Br. Opp'n Pl.'s Mot. Quash [Doc. No. 42], pp.3-4.  Further, were these depositions related solely to the bad faith claim, the Court would decline to penalize Plaintiff by denying him reimbursement for the costs of copies of the attorneys' deposition transcripts.  *See Rodriguez*, 360 F.3d at 1190 (stating a denial of recoverable costs is in the nature a penalty).[3]  Put simply, Defendant has failed to meet its burden to persuade the Court that otherwise recoverable costs should

---

[3] Notably, Plaintiff's lack of success on his bad faith claim has already resulted in the reduction of the amount of damages found by the jury ($210,000) to the policy limit of the insurance policy ($100,000).

not be taxed. *See In re Williams Sec. Litig.–WCG Subclass*, 558 F.3d 1144, 1151 (10th Cir. 2009).

Therefore, Defendant's Motion to Review the Costs Taxed by the Court Clerk [Doc. No. 191] is DENIED. The Court AFFIRMS the award of costs to Plaintiff in the amount of $8,258.34.

IT IS SO ORDERED this 1st day of December, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE